Case for today is case number 417-0665, and it is entitled In Re the Marriage of Larry Plowman and Carol Lawson. And we have for the appellant, Mr. Mamdani, is that how you pronounce that, sir? Mamdani. Mamdani. Okay, thank you. And then for the appellee, we have Ms. Worth. You may proceed, counsel. May it please the court, counsel, the issue in this case is a singular one, and so I'll be relatively brief. We are asking this court to decide whether a personal injury settlement constitutes proceeds for the purpose of income, rather, for the purpose of child support. Why should it? Why should it constitute income for the purpose of child support? The Supreme Court has decided that anything that enhances a recipient's wealth or ability to support a child should be considered income. Here, the evidence showed that the personal injury proceeds were used to buy a house, buy a couple cars, pay off debt, generally support Ms. Lawson. And therefore, they would constitute an enhancement to her wealth. Well, how should money be used that is paid for pain and suffering? I'm sorry? For pain and, assuming that there's a personal injury settlement and someone gets, let's just come up with a figure, $50,000 for pain and suffering. Well, I think, first of all, the problem I know that we had in the case below was, as a practical matter, parsing a settled case and determining how much is attributable to it. Well, let's just assume. Okay. For the sake of assumption that we know that this portion is... $50,000. What's the limitation upon how it should be used? I think that goes, then, to the court's discretion. It all enhances, to the extent that it enhances her ability to support a child. I think, then, the court can, in its discretion, determine and take that into account, that, for example, there was some degree of pain and suffering, and therefore, some portion, we shouldn't necessarily allocate the entirety as child support. Well, let's just show we have a trial judge. The trial judge says, this is $50,000 for pain and suffering, so we don't have to guess. Okay. No, no. I'm sorry. Maybe I wasn't being clear. What I mean is, the court can, then, determine, when it's determining how much child support to award, to say, well, $50,000, let's say, if I'm understanding the court's hypothetical, you're saying that $50,000 was received and the entirety was for pain and suffering. There is no component for lost wages? Well, that's a different quote. That's a different component. Let's just say there's $50,000 for pain and suffering and $100,000 for lost wages. I think the court can, then, determine, in its discretion, how much to award in child support and take into account that some portion was pain and suffering and it may choose not to award as much as it otherwise would have based on that. But that's something that I think the trial court would be able to take up in its discretion in determining the proper amount of support to award. So, if someone uses the proceeds of the settlement to buy a house, would that be different than using the proceeds of the settlement to put into an IRA because that person doesn't have a retirement plan and won't have one based upon their kind of employment? In that, it increases wealth, but it increases wealth after retirement. It permits you to have a life after retirement. Of course, the house actually gives you shelter for the remainder of your life, which some people could say isn't really enhancing your wealth. It is enhancing your well-being, just as some of the compensatory damages enhance your well-being or restore you. I mean, what we're really talking about is the way that we pretend our tort system makes people whole. And it doesn't. We know that. But we say, this amount of money is to make you whole as best we can because that's all we have. This amount of money is meant to take care of lost wages. And that really is the distinguishing feature, isn't it? One, that's one question. And two, do you really want trial judges to make value judgments about people who receive settlements and if they use the money wisely? Obviously, well, we shouldn't make them pay child support on that because they've used it in a productive way that will make their life better, which is great, versus someone who blows it. You say, well, you should have given that to your children. Is that really, we want that amount of discretion in the judge's hands? So let me make sure I'm hearing correctly. That was kind of a difficult question. The first question was, what do we do with someone who decides to use some portion to put aside for the future? I think you're going to say that's a wise, probably a wise investment, and a trial judge could use his discretion and say, that's different than just having money and deciding to spend it on frivolous things or even daily things. That money, I would certainly be tempted. I was a trial judge for a long time. If there wasn't a rule, I would have said, that's pretty thoughtful and mature to do that because you won't then be a burden on other people when you're older because you'll have a retirement plan, versus the person who, instead of buying a modest car, buys a Dodge Avenger. I'm going to look at that differently, and I don't know that you want me to. You being the practicing bar, not you individually. I think, generally speaking, with these cases, we already invest the trial courts with a tremendous amount of discretion on a variety of issues that are far beyond the scope of this case. Now, here, I think the question is, what do you do with, as you put it, the fiction that we put on that a tort recovery somehow replaces something. In this case, it's undisputed. Ms. Lawson suffered some significant injuries, and she received a significant amount of money in compensation. I think the, I am comfortable with the idea of a trial judge having the discretion to make a value judgment. If it's a value judgment, I don't know necessarily, I suppose I can see a situation where a trial judge says, I think you wasted that money, so I'm going to nail you. And I think you used that money wisely, so I'm going to protect you. But I would rather have that situation than one where we try to, especially in this case, where I believe the record was clear about this. We had a tremendous difficulty trying to parse what the settlement is, because it's typically not broken out in a case that's not tried. I would rather give the judge that discretion to make that decision, rather than tie their hands by saying, no, only whatever you can parse down to simply lost wages is going to be available to you to award in support. Do you practice, I mean, the settlement of personal injury cases involves personal injury lawyers. Do you know enough about that to, let me phrase that better. I don't mean, do people try to avoid breaking it down just because it's simpler, or because there are inherent reasons in the settlement process, or could practitioners begin to say, we're going to break this out. I think there are, and first let me say, I know enough to be dangerous, is what I would say. I'm not by any means a specialist practitioner in the area of personal injury. But what I would say in my experience with personal injury cases is that it typically, especially when you have a case that's settled without the involvement of defense counsel, that is settled with an insurance adjuster themselves, it becomes a numbers game. The basis of your demand that you make as a plaintiff's attorney is going to be, you're going to cite as much as you can to justify as large a demand as you can. But when that comes back, it becomes a numbers game. I don't think that I've ever, and I think I've handled maybe a dozen personal injury cases in my career. I've never, I don't believe, had an adjuster or defense counsel come back at me and say, well, no, we're going to reduce you, not because we're just going to send a lower number back, but no, we don't think she made that much, so we're going to reduce it by this much. We think that the pain and suffering from this injury is worth less, and therefore, I'm going to offer less. It's more along the lines of... Here's the amount of money. Here's the amount of money. Or, you know, hey, we took those depositions, and man, did that not go well for you. Here's our new offer. Right. And so in that sense, I think it is, as a practical matter, I don't think it becomes a real breakdown in the practice of personal injury law, where you see this is the amount that you're going to receive for each individual category. Now, I will say I would separate out those cases that involve people that are subject to a Medicare set-aside and those rules, because in the context of both workers' compensation and personal injury cases, you can have, if you have someone that is going to be eligible for Medicare or currently eligible for Medicare, CMS and the federal government requires that you break out a portion and set aside a portion for future medical expenses. And as I understand it, I've never done the actual calculations, because I think it's entirely the province of specialist accounting firms that look at the medical records in a case and say this is the future expected medical expenses. This is the amount that we're going to say is going to be set aside for those expenses. And in the context of this case, to bring it back, I think money set aside in a Medicare set-aside, or if you provide in an injury settlement, for example, for a separate annuity payment for the purpose of medical expenses, those would be excludable, I think, clearly, because they're set aside for the purpose of future medical expenses. They're not net money coming to the recipient. And that's where I would draw the distinction. And in so answering, I lost your second question. Well, sort of like the IRA is a set-aside for the future to make sure that you have a retirement income. But there's more of a choice with the IRA. That's what I was going to say. It's not made into expenses that you know will be incurred. I had a couple of questions. The focus seems to be what portion of this award actually compensated her for lost wages, or income, so to speak,  is that the approach we should be taking? I can't help but think as a parent and a wife and all that, when you get money into the household, the household uses the money. So is that the approach we should be taking? No, that's precisely our argument, is that that was the approach that the court, and I don't know if I'm saying this right, Villanueva versus O'Gara in the Second District, that's exactly the approach that that court took. It was what's the purpose of the payment, and let's look at the purpose to determine whether this is income for the purposes of support. And as we argued in our brief, the Rogers Court and subsequent decisions have said no, that is not the proper focus. The proper focus is what's the effect on the recipient. So here, in answer of your question, no, I think the proper focus should be on what does it do to the family? What does it do to the recipient? Does it make them more able to support a child or less able to support a child? Wouldn't that eliminate all basis for pain and suffering award to be excluded from just the normal assessment of income? I think in the sense of excluding, yes, it would. There would be no exclusion of pain and suffering. So anything that's awarded in a tort case is income, period? Aside from, like, medical expenses, if you have a person with severe injuries and we know they're going to need this or that, that should be protected. But other than that? Yes, that's exactly what I was going to say, is that essentially what we would be looking at is the net recovery, whether it's from pain and suffering, whether it is lost wages, whether it is property damage, or whatever the case may be. All of that is a lump that's available. Picking up on Justice Holder-White's point, though, I think then you'd exclude reimbursement for out-of-pocket expenses? Yes. I believe that would be appropriate. So, for example, if a person has to travel to get to, let's say they're in Quincy, Illinois, and they have to travel here to Springfield or down to St. Louis for specialist medical care, those out-of-pocket expenses incurred in that travel I think would be properly excludable. Or for that matter, their attorney's fees paid, expenses for experts, things like that. Or if they have medical expenses not covered by insurance, so they have to pay out of the settlement. I agree that that would be excluded. But everything else, pain and suffering, or, essentially the argument is there's no distinction between an award for pain and suffering and an award for economic damages. That's correct. Because from the perspective of the recipient, it doesn't matter. The dollar spends the same way, whether I call it the pain and suffering dollar that I'm going to spend on buying food versus the... It seems to me this is the kind of an issue which would come up some regularity. Is Villanova and the Fifth District case those are the only two? As far as I know, those are the only two that I've found. And the legislature, now that's the other thing. The legislature has addressed the Divorce Act, whatever it's now called, a lot recently, and certainly since Villanova was decided. They're the policymaking body. This hasn't been modified or addressed?  To what extent should that serve to inform us? Because Villanova was the case law out there when the most recent amendments to the Marriage Act occurred. If I'm correct, I believe also that the Fortner case was also out there when the most recent amendments took place. And those two cases take a very different approach. My view would be that also subsequent to Villanova was the Rogers case and the subsequent cases that all focus on the effect on the recipient, whether this constitutes an enhancement to wealth. And therefore, my interpretation of the legislature not addressing the matter would be to let those cases continue to have enduring viability. I don't know that I have much else. If the Court has any other questions, but I believe we've covered mostly everything that I had prepared. I don't see any other questions at this time. You will have time on rebuttal, Counsel. Counsel, you may proceed. May it please the Court, Mr. Mamdani. Good morning. The issue that Mr. Mamdani presents is that he, it seems, is seeking a bright-line rule that says any sort of tort recovery is going to be considered as income for child support purposes. In this case, and Mr. Mamdani admits in his argument that when you get the award, if there's no trial, there is no breakdown of what monies are for pain and suffering, for future medical, for future loss, things of this nature. In this particular case, Ms. Lawson did receive a large personal injury award. At the time, she was not working a lot. She was in school, so she was not providing a large amount of support for her child. The monies that she got, whether she used them to buy a home or a Ferrari. Or a car for her ex-boyfriend? Yes, I believe that was part of the testimony. If she were to present a defense in the trial court, if this rule existed at the time, the trial court said, we're going to consider all this money as income. And she wanted to present a defense and say, no, I'm an RN. It's a physical job. Maybe I'll have arthritis in my wrist in 20 years. I don't know. This money was supposed to help me for the future, whether I spend it wisely or not. I don't want those things considered as income for child support. And we get into a situation where it's speculative. As a practitioner, I don't want to be hiring medical experts to come in and try and form some sort of speculative opinion that my client may have medical issues that are unforeseen at the time that she receives the award. If she had had custody of her child and she were the one responsible for the care of the child, would the child have benefited from this recovery? I think so. But because she did not, the child should not? That's a tough question. I guess my response to that would be that the state of the law at the time the case was decided, Section 505 was to determine net income. And they had different things that the court could look at. I think I cited in my brief 505H, which talked about medical expenses and things like that. I think the child's situation was improved, even though he was not in her custody. Obviously, she does have parenting time. So for her to be able to purchase a home and make that investment that she can build wealth on in the future is certainly a help to the child, regardless of which parent he lives with. But I think the court can look at those statutory factors under 505 and look at what was the child's standard of living. What does the parent have to spend on medical expenses? She would still have those expenses, whether he lived with her or not. So I think it's the same on both sides. Now, what about a gift or an inheritance? Would those be considered something child support should be based on? I think under Rogers, yes. I think that's why it's tough to develop a bright-line rule and say, okay, we're going to do tort recovery. It's really tough to have a broad definition. In some cases, it's going to be appropriate. In some cases, it's not. I like collecting child support for folks as much as Mr. Mamdani does, I'm sure. If I have a parent who owes tens of thousands of dollars, and they receive a large inheritance, yeah, you can bet I'm going to argue Rogers. What if they receive a large personal injury settlement? Again, I think it just needs to be on a case-by-case basis. I think under Rogers, court can say, and I think that's what I've argued in my brief, is part of a personal injury may be. If we have a brilliant neurosurgeon who makes millions of dollars a year, and someone smashes his hand, then I think, yeah, the level that he was supporting his family in a divorce or paternity scenario, then, yeah, I think the court may consider some of that. If you have someone, there's just so many variables. You can have a person that gets injured, there's no insurance coverage, and they're not even supposed to be made whole. I'm not sure what your position is. I was under the impression your position is that you should file a bill in the way of an award for pain and suffering. It's not income. I think to the extent that the court can determine what the parent's income would have been if they were out of work due to an injury, it's basically the way the trial courts handle workers' compensation claims. Well, then, to be more specific, since I'm always looking for bright lines, you are, in fact, not advocating such a bright line. No, I don't think a bright line rule requiring courts to consider the entirety of any tort recovery as income for child support purposes would be appropriate. And I don't think it's necessary. Or the opposite. The opposite. No, I'm not advocating for one that says we can't consider it at all. I'm advocating for discretionary approach. What happened in this case? You're advocating for your client and saying the judge didn't abuse the discretion. But you don't necessarily agree that it should be limited to what you can determine was a payout for lost wages. That's not your position. I think that that would be the best way for the court to look at it would be to recover what the parent was making if they were out of work based on an injury. And I think that that makes complete sense. But then to go into this Pandora's box of, well, even if it was for pain and suffering, how much did they suffer? How much pain? What's going to happen in the future? That's where it starts to get a little murkier for me. Unless you just say that you can consider it and you don't have to figure out how much pain and suffering. Just that it is part of the settlement and you can have to pay child support on it. Right. What confuses me a little bit is, you know, we focus on, well, lost income or to compensate them for lost income. But yet a gift, an inheritance, those can be considered. Obviously they have nothing to do with income of the recipient. They don't have anything to do with your investment of labor. Absolutely. Because that's, you know, I enhance my wealth by working hard and achieving it. I don't know if I necessarily agree with having a child court always consider a gift or an inheritance, but I think under Rogers that's where we're at under the state of the law. But I go back to my argument that I think it's got to be on a case-by-case basis. As I said, if I've got somebody that owes $50,000 and they inherit a million, sure. The bill and the waiver took a bright line approach, did it not? Saying that only the amount of a personal injury settlement attributable to lost earnings is income for child support purposes? I think, yes, if the court is looking to make a bright line, well, I think that would be the most appropriate. But they already did. No, I agree. That's what they did. Yes. So they said we have this personal injury settlement. X is attributable to lost earnings, and that's income for child support purposes. But the Y portion of that settlement, which is not attributable to lost earnings and is attributable to an award for pain and suffering, is not. That's what they said. Yes. Now, see, my impression was you're arguing we should follow VILA and NOVAVA and not the 5th District's decision in Fortnard. But apparently you're saying VILA and NOVAVA modified? Yes. I think that takes a better direction than Fortnard. I think Fortnard is very distinguishable. It's kind of a different tort recovery. I understand. But it's more like an inheritance or a gift, really. I don't want to get bogged down in the facts of particular cases. I'm looking for, you know, it's good news and bad news that our decisions are precedential and will have to be filed by trial courts, and I'm wondering what's the rule that we're supposed to come up with that some poor trial judge three months from now is supposed to adopt and say what do those damn fools in the 4th District do this time? I would say VILA and NOVAVA I think was appropriate. The issue that I guess I have with that is that, just like when we go back to talking about gifts and inheritance, would it be that those are necessarily excluded because they aren't to make up for lost wages? It's not an easy answer because we're talking about a broad spectrum of circumstances. But very specifically, you think VILA and NOVAVA was appropriately decided, but that you're not advocating that that ought to necessarily be the bright line rule. What you're advocating is the trial judge followed VILA and NOVAVA, and that's to your benefit, and you're happy with that in this case, but you realize that in the future there are problems. Under the state of the law at the time that this case was decided, under 505, when they set out the statutory factors, I think that that creates enough of a guideline for the trial court in considering what they want to consider as income for child support. It gives the definition, tells them what they consider. There's a catch-all under 505.5 that says if you can't determine that income because of a default or some other reason, it's in the court's discretion to come up with a reasonable amount. So I think that we have statutory factors that the court should follow would be my, I guess, ultimate position. Thank you, counsel. Mr. Mamdani, any further argument? I think I just wanted to emphasize to the court that, at least in dealing with this specific case, I think the record is clear that Judge Birch did not feel that he had discretion. He felt that, and correctly, he was bound by the decision in Villanueva and did not consider anything other than what he determined to be income for the purposes of support. So based upon the argument that both parties have presented today, I think the case ought to be remanded to the decision vacated and remanded to Judge Birch to exercise his discretion, either in determining what portion to determine as income or considering the entirety. But that's already been determined, the portion that was attributably income. I'm sorry, I beg your pardon. I misspoke. Determine what portion should be considered income for support because when Judge Birch made his decision, he was bound by Villanueva saying only income, only wages. He could not have decided, well, I can't remember the exact amount, $2,300 in lost wages. I'm going to say that $15,000 is income for the purposes of support and then I'm going to award X dollars. He didn't have that discretion. He was bound by Villanueva. So if you take the appellee's argument, then it would at least go back to him for determination on how much of that amount to consider as income. If you take our determination, it should go back to him as all of this is income. Now you've determined the amount of support. Okay. Let me ask you a question. Did the amount that he determined of lost wages present reasonably accurate based upon the information that you were able to present to the court? Based upon the information, yes. I don't have any issue and we didn't take any issue with specifically that determination. I think certainly there was evidence presented that the demand that was made included a component of future lost wages that was in excess of the amount that was established as actual lost wages. Okay. The court just used the actual lost wages. I can't say that I think that that was an abuse of his discretion because he can, and I don't know that he articulated this on the record, but I think it's easy to say that, well, speculating about those future lost wages would be inappropriate. We don't have an issue with his determination of the wages. Our issue is simply that the entirety of the income should be at least available to the court. And as far as that goes, I think, again, I think it's appropriate to stick this ball in the trial court's lap in terms of determining how much is appropriate to award as support, but give them the ability to consider the entirety of the amount that's received, net of any out-of-pockets, net of any expenses paid, net of any strictly set-aside monies for future medical expenses. If the recipient puts it into an IRA, the court can make the determination, hey, this is a 20-year-old that is putting this money into an IRA that's never going to benefit a child, as opposed to, say, a 55-year-old who puts the money in an IRA and we're dealing with a two-year-old child. That IRA money, when it's paid out, could well be used to pay a child support award, and the court may take a different view of that. And all of that falls within the court's discretion if it has the ability to look at the entirety of the award. And that is all. Thank you, counsel. We'll take this matter under advisement and be in recess until the next case.